The Honorable Garry G. Boston State Representative, 72nd District 14 Circle Drive Newton, Kansas 67114-2328
Dear Representative Boston:
You request our opinion regarding Resolution G-747, enacted by the City of Newton to address the Equus Beds Aquifer (Aquifer), which is located outside the City and provides water to several thousand people in four counties including the citizens of the City of Newton. You are concerned that the resolution may run afoul of the 5th and 14th Amendments to the United States Constitution on the ground that the resolution is vague and, therefore, void.
Resolution G-747 notes the importance of the Aquifer and resolves to adopt an "environmental strategic plan" that involves the following elements:
1. The creation of an "environmental impact map" which will identify pollutants or potential pollutants that may threaten the Newton environment or its water resources;
2. Monitoring and possibly intervening in applications for state and local permits for facilities or activities that may threaten the "integrity of the Newton environment;
3. Filing litigation to eliminate or restrict activities that may threaten the environmental interests of the City;
4. Lobbying the Kansas Legislature for legislation in the area of swine production;
5. Working with other local governments to restrict swine production;
6. Revising zoning regulations for extra-territorial application in conjunction with the Board of County Commissioners of Harvey County.
We note that this is a resolution, not an ordinance. In the context of actions taken by city governing bodies in this state, an ordinance prescribes a permanent rule of conduct which continues in force until repealed, whereas a resolution is simply an expression of an opinion concerning the wishes of the governing body concerning an item of business.[1] This particular resolution appears to simply express a concern for the environment and describe certain actions that the governing body would consider implementing in an effort to protect the Aquifer and the environment.
The 5th and 14th Amendments to the United States Constitution require that a criminal statute or ordinance be worded in such a way that individuals have sufficient warning concerning what conduct is proscribed.[2] An ordinance is unconstitutionally vague when it uses terms so vague that people of common intelligence must guess its meaning and differ as to its application.[3]
 " A statute [or ordinance] must be sufficiently definite to meet due process standards. The test to determine whether a criminal statute [or ordinance] is unconstitutionally vague is whether its language conveys a sufficiently definite warning as to the conduct proscribed when measured by common understanding and practice. [In] determining whether [such legislation] is void for vagueness, two inquiries are appropriate: (1) whether the [legislation] gives fair warning to those persons potentially subject to it and (2) whether the [legislation] adequately guards against arbitrary and discriminatory enforcement."[4]
Resolution G-747 is not susceptible to a "void-for-vagueness" argument because it does not prohibit conduct nor does it address enforcement. Consequently, it is our opinion that the resolution does not offend the Due Process requirements of the 5th and 14th Amendments.
You also inquire about a city's ability to regulate beyond its territorial boundaries. Generally, a city may not regulate activities beyond its boundaries unless such authority is granted by statute.[5] In zoning matters, the Legislature has granted authority for a city to zone three miles outside of its boundaries.[6] The resolution at issue does not purport to regulate activity beyond city boundaries, it simply provides that the City may seek to expand its zoning authority beyond its territorial boundaries if the Board of Commissioners of Harvey County concurs.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm
[1] International Assn. of Firefighters Local 1596 v. Cityof Lawrence, 14 Kan. App. 2d 788 (1990).
[2] State v. Dunn, 233 Kan. 411 (1983).
[3] Ruff v. City of Leavenworth, 858 F. Supp. 1546 (D.Kan. 1994).
[4] DPR, Inc. v. City of Pittsburg, 24 Kan. App. 2d 703
(1998).
[5] Attorney General Opinions No. 81-104 and 77-44; 62 C.J.S. Mun. Corp. § 443; 56 Am.Jur.2d. Mun. Corp. § 407.
[6] K.S.A. 12-715b; 12-749; 12-750; 12-751.